**FILED**

NOV 1 4 2017

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

|  |  |
|---|---|
| MONTANA CITY MEATS, INC., and GARRY M. WHEELOCK, | No.  CV 16-02-H-SEH |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| GARY HAMEL, Individually and as Bureau Chief of the Meat Inspection Bureau of the Montana Department of Livestock, MICHAEL HONEYCUTT, Individually and as the Executive Officer of the Montana Department of Livestock, MONTANA DEPARTMENT OF LIVESTOCK, a state agency of Montana, | |
| Defendants. | |

On October 25, 2017, the Court conducted a hearing at which it addressed

with counsel issues related to the form and content of the proposed Final Pretrial

Order,[1] including: (a) claims dismissed by previous orders of Court; (b) division and bifurcation of issues for trial; (c) the time period as established with the concurrence of the parties for completion of discovery; (d) the scope of issues appropriately pleaded and before the Court and to be tried; (e) the parties' obligations to file disclosures of persons likely to have discoverable information, together with the subjects of such information, that the disclosing party may use in support of its claims or defenses under Fed. R. Civ. P. 26(a)(1)(a)(I) and by Orders of Court dated February 12, 2016,[2] and March 21, 2016;[3] (f) deficiencies in the disclosures as made and previously filed by the parties; (g) the parties' obligations to provide timely supplemental disclosures as required by Rule 26 and as ordered by the Court; (h) the sufficiency of non-retained expert disclosures as submitted by the parties; and (I) other related trial issues.

This Memorandum further considers issues addressed at the October 25, 2017, hearing and November 13, 2017, hearing and, as stated, supplements and replaces any conflicting determinations of issues appearing in the hearing record of October 25, 2017 and November, 13, 2017.

---

[1] Doc. 110.

[2] Doc. 10.

[3] Doc. 15.

Rulings made by the Court, as restated, confirmed, or modified by this Order include:

1.     Plaintiffs' requests for declaratory and injunctive relief barring retaliation against Plaintiffs, first asserted by Plaintiffs in the proposed Final Pretrial Order[4] as issues before the Court and to be tried, are excluded as issues to be decided in this case.

2.     Plaintiffs will be limited to calling witnesses at trial to those persons who were timely disclosed in Plaintiffs' Preliminary Pretrial Statements,[5] namely, Garry M. Wheelock ("Wheelock"), Gary Hamel ("Hamel"), Christian Mackay ("Mackay"), and Dick Fitzpatrick ("Fitzpatrick").

3.     Defendants will be limited to calling as witnesses at trial to those persons who were timely disclosed in Defendants' Preliminary Pretrial Statements,[6] namely, Mackay, Hamel, Marcia Lipke ("Lipke"), and William Bury ("Bury").

Reasons for the limitations on witnesses who may be called to testify at trial as stated above include:

---

[4] Doc. 110.

[5] Docs. 14 and 20.

[6] Docs. 13 and 21.

1.     Obligation of the parties to provide disclosures of persons likely to have discoverable information together with the subjects of such information were required by Fed. R. Civ. P. 26(a)(1)(A)(I) and L.R. 16.2(b)(1) and were to be filed by specific dates by orders of Court dated February 12, 2016,[7] and March 21, 2016.[8]

2.     On March 21, 2016,[9] Plaintiff filed a Preliminary Pretrial Statement identifying four persons, Wheelock, Hamel, Mackay, Fitzpatrick, and unnamed Representatives of the Jefferson Sheriff's Department and Livestock Officials, as persons likely to have discoverable information.

3.     On March 18, 2016,[10] Defendants filed a Preliminary Pretrial Statement naming two of the persons previously identified by Plaintiffs, Mackay and Hamel, and two additional persons, Lipke and Bury, as persons likely to have discoverable information.

4.     On April 29, 2016,[11] Plaintiffs filed an additional Preliminary Pretrial Statement.  No additional persons were identified in this filing.

---

[7] Doc. 10.

[8] Doc. 15.

[9] Doc. 14.

[10] Doc. 13.

[11] Doc. 20.

5.    On April 29, 2016,[12] Defendants filed an additional Preliminary

Pretrial Statement.  No additional persons were identified in this filing.

6.    On May 10, 2016, the Court issued its scheduling Order setting dates

and deadlines, established with the concurrence of the parties, for conduct and

completion of relevant pretrial matters.[13]

7.    A request to extend the time to complete discovery was filed on

November 23, 2016.[14] The  request was granted in part by Order of November 28,

2016,[15] in which an extended discovery deadline of March 10, 2017, was adopted

by the Court and was ordered to be carried out.

8.    No further additional or supplemental disclosures of persons likely to

have discoverable information were filed by Plaintiff until March 10, 2017, when

Plaintiff filed an Amended Preliminary Pretrial Statement[16] naming 17 persons,

not earlier identified, as previously had been required by Fed. R. Civ. P.

26(a)(1)(A)(I) and previous Orders of Court.[17]

---

[12] Doc. 21.

[13] Doc. 24.

[14] Doc. 43.

[15] Doc. 47.

[16] Doc. 52.

[17] Docs. 10 and 15.

9.    No further additional or supplemental disclosures of persons likely to have discoverable information were filed by Defendants until March 10, 2017, when Defendants filed an Amended Preliminary Pretrial Statement[18] naming 52 persons, not earlier identified, as previously had been required by Fed. R. Civ. P. 26(a)(1)(A)(I) and previous Orders of Court.[19]

10.    Discovery closed, as agreed by the parties and ordered by the Court, on March 10, 2017, leaving absolutely no days beyond the close of discovery date in which either party could conduct discovery relating to any of the nearly 70 persons not identified until the date upon which discovery closed, March 10, 2017.

11.    Non-retained expert witness disclosures as ordered by the Court were provided by Plaintiffs on March 10, 2017.[20] Plaintiffs identified Hamel, Wheelock, Susan Ostler ("Ostler"), and Murry Warhank ("Warhank") as potential non-retained experts.[21]

12.    Non-retained expert witness disclosures as ordered by the Court were provided by Defendants on March 10, 2017.[22] Defendants identified Hamel, Ray

_____

[18] Doc. 54.

[19] Docs. 10 and 15.

[20] Doc. 53.

[21] Doc. 53-1.

[22] Doc. 55.

Figgins ("Figgins"), Lipke, Olen Hamilton ("Hamilton"), Bury, and Dani Jones ("Jones") as potential non-retained experts.[23]

13.     Apart from the eight persons identified by the parties on March 18, 2016,[24] and March 21, 2016,[25] none of the persons first disclosed on March 10, 2017, were timely identified in filings as ordered by the Court[26] or by a date sufficiently in advance of the close of discovery to permit even minimal discovery from any of them on matters, topics and issues of which they had knowledge. Such failure or refusal to comply with the Rules of Civil Produce or Orders of the Court cannot and will not be either ignored or excused.

14.     Each of the non-retained expert witness disclosures has been assessed to determine whether it complied with the Court's disclosure Order of March 6, 2017,[27] which required that the disclosures "address and include[: 1] all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C)[; 2] . . . separate statements of each opinion to be offered, specific identification of and source citations to the record to facts or data considered, referenced, or relief upon by the

---

[23] Doc. 55.

[24] Doc. 13.

[25] Doc. 14.

[26] Docs. 10 and 15.

[27] Doc. 50.

witness in forming the opinions expressed[; 3] the bases and reasons for the opinions[; and 5] . . . complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.[28]

15.    Moreover, apart from the deficiencies and omissions in disclosures of persons likely to have discoverable information outlined above, several of the non-retained expert disclosures filed by the parties did not comply with the Court's Order of March 6, 2017, for content of such disclosures.[29]

16.    Two of the non-retained experts identified by Plaintiff's on March 10, 2017, had not, prior to that date, been disclosed as persons likely to have discoverable information as ordered on February 12, 2016, and March 21, 2016, or at all. In addition, ten of the persons identified by Defendants as may call witnesses in the proposed Pretrial Order on September 29, 2017,[30] were not, prior to March 10, 2017, disclosed in any filings with the Court as ordered. For this reason and for failure or refusal to comply with the Court's disclosure Orders of February 12, 2016,[31] and March 21, 2016,[32] exclusion of each and all, to wit:

---

[28] Doc. 50 at 3.

[29] Doc. 50.

[30] Doc. 110.

[31] Doc. 10.

[32] Doc. 15.

Warhank, Bonnie Marceau, Ostler, Hamilton, Rob Stutz, Bob Erickson, Alan Erickson, Brent Sarchet, Ginny Dinson, Ashley Fisher, Matt Elvbakken, and Dawn Wheelock as witnesses at trial is warranted and required.

17.    Responsibility for failure to carry out proposed and ordered pretrial process rests with the parties and their counsel. The discovery and pretrial schedule and sequence for its completion was proposed by the parties, was later ordered to be carried out by the Court, and included a requested extension of the close of discovery deadline to March 10, 2017.  Any responsibility for failure to carry out all components of the discovery and pretrial process as ordered rests squarely on the shoulders of the parties and their counsel.

18.    An assessment of the several non-retained expert disclosures made by Plaintiffs and filed on March 10, 2017,[33] reveal that the disclosures were deficient in at least the following particulars.

> A.    Wheelock (disclosed March 21, 2016, in Plaintiffs' Preliminary Pretrial Statement).[34]
>
> > i.    The disclosure[35] did not provide, as required by the

---

[33] Docs. 53, 53-1.

[34] Doc. 14.

[35] Doc. 53-1.

Court's Order of March 6, 2017,[36] "specific identification of and source citations to the record to facts or data considered, referenced, or relied upon" in forming opinions.

ii     Part of the testimony that Plaintiffs represented that this witness will address was identified to include: (1) topics that would in substance call for statements of legal opinion about which Wheelock would not be allowed to testify; (2) opinions on matters relating to legal standards required for labeling of meat for sale; (3) opinions on legal standards for meat inspectors required by statute or state regulation; (4) opinions on standards required by statute or regulation for labeling of meat for sale; and (5) opinions on standards required by statute or regulation for inspection of meat prior to sale.

B.     Warhank (first identified as a person likely to have discoverable information and as an expert witness on March 10, 2017).[37]

i.     The disclosure[38] does not provide "specific identification

---

[36] Doc. 50.

[37] Docs. 52 and 53.

[38] Doc. 53-1.

of and source citations to the record to facts or data considered, referenced, or relied upon" in forming opinions and the reference to incorporation by reference of opinions in statements and depositions, likewise, does not comply with the requirements of the Court's Order of March 6, 2017.[39]

ii.    Warhank would not be allowed to testify about or offer opinions as to: (1) matters of law, legal opinion or conclusions; (2) that redress sought by Plaintiff would or could have been granted at hearing on appeal; (3) that applicable law had not been followed; (4) that certain evidence could have been presented at a hearing (a hearing never held); and (5) that issues of noncompliance with law on regulation could have been rectified. In summary, no testimony encompassing legal onions would have been appropriate and would not be admissible.

C.    Ostler (first disclosed March 10, 2017 in Plaintiffs' Amended Preliminary Pretrial Statement).[40]

---

[39] Doc. 50.

[40] Doc. 52.

i.      Ostler was first identified as a person likely to have discoverable information in Plaintiffs' Amended Preliminary Pretrial Statement on March 10, 2017,[41] and was identified as a may call witness in the proposed Final Pretrial Order.[42] Reasons for exclusion of her as a witness at trial have been addressed elsewhere in this Order.

D.    Hamel (First disclosed as a person with knowledge on March 21, 2016, and as a may call witness by Plaintiffs at trial.)[43]

i.      Hamel's non-retained expert disclosure[44] does not comply with the requirements of the Court's disclosure Order of March 6, 2017,[45] for content of such disclosures.

ii.    Testimony that would include statements of or references to legal standards set by state regulation and law and by federal regulation and as proof of the standard of care for meat inspectors would be excluded as improper legal opinion.

---

[41] Doc. 52.

[42] Doc. 11-.

[43] Doc. 14.

[44] Doc. 53-1.

[45] Doc. 50.

iii.	The suggestion made in the disclosure that "more details

on the summary of facts and this opinion"[46] may be obtained

from "review [of] Mr. Hamel's deposition testimony"[47] is

facially non-compliant with the Court's disclosure Order of

March 6, 2017.[48]

19.	An assessment was made of the several non-retained expert

disclosures filed by Defendants on March 10, 2017.[49]  Some of the disclosures

were deficient.

A.	Jones (identified in Defendants' March 10, 2017, Amended

Preliminary Pretrial Statement).[50]

i.	In addition to being late, this disclosure does not provide

"specific identification of and source citations to the record to

facts or data considered, referenced, or relied upon by the

witness in forming the opinions expressed, and the bases and

reasons for the opinions" as required by the Court's Order of

---

[46] Doc. 53-1 at 2.

[47] Doc. 53-1 at 2.

[48] Doc. 50.

[49] Docs. 55.

[50] Doc. 54.

March 6, 2017.[51] Moreover, the disclosure does not specifically identify either source citations to the record to facts or data considered, referenced, or relied upon. At most, Jones generally references the Code of Federal Regulations as source material.

20.    It is unfortunate that all parties on all sides in this chose to conduct and carry out the Court-ordered discovery process without regard to compliance with either the Rules of Civil Procedure or the Orders of this Court. Such noncompliance cannot, and will not, be rewarded. Identification of persons with knowledge not timely made as required by the Rules of Civil Procedure and by Orders of the Court will not be permitted to testify as witnesses. In addition, persons identified as non-retained experts not timely disclosed or not providing non-retained expert disclosures as ordered will not be permitted to testify at trial.

Upon the record made and before the Court on October 25, 2017 and November 13, 2017,

ORDERED:

1.    Plaintiffs may call Wheelock, Hamel, Mackay, and Fitzpatrick as witnesses at trial.

2.    Defendants may call Mackay, Hamel, Lipke, and Bury as witnesses at

---

[51] Doc. 50.

trial.

3.     Plaintiffs' Motion *in Limine* to Limit Defendants' Witnesses is GRANTED in part[52] as stated in this Order.

4.     Defendants' motion in limine to exclude expert testimony of Warhank and the proposed expert testimony of Wheelock is GRANTED in part and RESERVED in part as follows:[53]

        a.     Warhank is excluded as a witness.

        b.     A hearing to address the admissibility and scope of Wheelock's testimony will be set by further order of the Court.

5.     Any motion asserted in Plaintiffs' Issue Brief[54] is DENIED.

6.     Defendants' Issue Brief Regarding Trial Witnesses[55] and Plaintiffs' Written Offer of Proof re: Exclusion of Witnesses[56] are GRANTED in part and DENIED in part as stated in the record.

FURTHER ORDERED:

1.     Plaintiffs may file a brief on or before November 17, 2017, directed

---

[52] Doc. 64.

[53] Doc. 66.

[54] Doc. 115.

[55] Doc. 116.

[56] Doc. 117.

to whether Natalya Abdrasilova, CPA ("Abdrasilova"), may be called to testify at the initial federal law claim trial, limited to consideration of relevant issues of federal law under 42 U.S.C. § 1983. Defendants may file a response brief on or before November 27, 2017.

2.  Each party may file a brief on or before November 17, 2017, directed to whether Michael Honeycutt ("Honeycutt") may be called to testify at the initial federal law claim trial.

3.  Whether Abdrasilova or Honeycutt may be called to testify will be addressed by further order of Court following submission of briefs as set out above.

4.  A revised proposed Pretrial Order shall be filed on or before December 1, 2017.

5.  Each party shall file a proposed Findings of Fact and Conclusions of Law on or before December 8, 2017.

6.  Trial briefs shall be filed on or before December 8, 2017.

7.  Any additional matters warranting or requiring the Court's pretrial consideration and resolution will be addressed and set as appropriate by further order of the Court.

8.  The Court will, by further order of the Court, schedule and conduct a

conference with counsel to select a date for trial.

DATED this __14th__ day of November, 2017.

SAM E. HADDON
United States District Judge