**FILED**

**JAN 3 1 2018**

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MONTANA CITY MEATS, INC., and GARRY M. WHEELOCK, <br><br> Plaintiff, <br><br> vs. <br><br> GARY HAMEL, Individually and as Bureau Chief of the Meat Inspection Bureau of the Montana Department of Livestock, MICHAEL HONEYCUTT, Individually and as the Executive Officer of the Montana Department of Livestock, MONTANA DEPARTMENT OF LIVESTOCK, a state agency of Montana, <br><br> Defendants. | No. CV 16-02-H-SEH <br><br> **ORDER** |

On May 10, 2016,[1] November 16, 2016,[2] March 6, 2017,[3] the Court issued

---

[1] Doc. 24.

[2] Doc. 47.

[3] Doc. 50.

orders requiring disclosure of non-retained experts. On March 10, 2017, Plaintiffs designated and disclosed, among others, Garry M. Wheelock ("Wheelock") as a non-retained expert.[4] A separate disclosure, Plaintiffs' Expert Disclosures, for Wheelock was filed the same day.[5]

A hearing to address pending issues, including non-retained expert disclosures, was conducted on November 13, 2017. On November 14, 2017, the Court issued its Memorandum and Order which stated in part:

> An assessment of the several non-retained expert disclosures made by Plaintiffs and filed on March 10, 2017, reveal that the disclosures were deficient in at least the following particulars.
>
> A. Wheelock (disclosed March 21, 2016, in Plaintiffs' Preliminary Pretrial Statement).
>
>     i. The disclosure did not provide, as required by the Court's Order of March 6, 2016, "specific identification of and source citations to the record to facts or data considered, referenced, or relied upon" in forming opinions.
>
>     ii. Part of the testimony that Plaintiffs represented that this witness will address was identified to include: (1)

---

[4] Doc. 53.

[5] Doc. 53-1 at 3-5.

-2-

> topics that would in substance call for statements of legal opinion about which Wheelock would not be allowed to testify; (2) opinions on matters relating to legal standards required for labeling of meat for sale;(3) opinions on legal standards for meat inspectors required by statute or state regulation; (4) opinions on standards required by statute or regulation for labeling of meat for sale; and (5) opinions on standards required by statute or regulation for inspection of meat prior to sale.[6]

On April 28, 2017, Defendants moved, with supporting brief,[7] to exclude proposed expert testimony from "Wheelock concerning (1) the standards for cleaning a processing facility; (2) the standards by which processors are allowed to rectify problems before being shut down; and (3) labeling issues."[8] Plaintiffs responded to the motion on May 12, 2017.[9] Defendants filed a reply on May 26, 2017.[10]

Upon review of the record and the briefs filed in support and in opposition

---

[6] Doc. 122 at 9-10 (footnotes omitted).

[7] Docs. 66 and 67.

[8] Doc. 66 at 2.

[9] Doc. 73.

[10] Doc. 79.

-3-

to the motion to exclude Wheelock as an expert witness at trial, and as provided in L.R. 7.1(d)(1)(D), the Court has determined that address and ruling on the motion is appropriate without further hearing.

ORDERED:

1. Wheelock has not shown himself to be qualified to testify as an expert at trial. Wheelock's work experience is limited. He lacks adequate academic training or the practical experience necessary to qualify as an expert in the field of meat processing.

2. Wheelock will not be permitted to testify as an expert at the Bench Trial limited to consideration of relevant issues of federal law under 42 U.S.C. § 1983 set for March 12 and 13, 2018.

3. Moreover, as stated in the Court's Memorandum and Order of November 14, 2017,[11] Wheelock's non-retained expert disclosure[12] failed to comply with the Court's disclosure Order of March 6, 2017.[13] This failure to comply of itself requires his exclusion from testimony as an expert.

4. A final pretrial conference will be set if necessary or appropriate by

---

[11] Doc. 122.

[12] Doc. 53-1.

[13] Doc. 50.

further order of Court.

DATED this **31st** day of January, 2018.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge